# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-24-CEH-SPF

ALEXANDER ALLI

## ORDER

This matter comes before the Court on the Government's motion *in limine* to Exclude Defendant's Exculpatory Statements During Interview (Doc. 69) and Defendant's response in opposition (Doc. 74). The Court heard argument on these motions on February 7, 2024, directed the Parties to submit transcripts specifying the relevant portions of the interview, and ultimately issued an oral ruling on March 8, 2024. *See* Doc. 108. This Order serves to memorialize the Court's oral pronouncements.

## DISCUSSION

In a Superseding Indictment, Defendant was charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and two counts of wire fraud, in violation of 18 U.S.C. § 1343, based on an Economic Injury Disaster Loan and a $2,000 advance from the Small Business Administration that he applied for and obtained on behalf of his purported business. *See* Doc. 46.

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains

subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and is generally not admissible. *United States v. Fernandez,* 392 Fed. Appx. 743, 746 (11th Cir. 2010) (citing Fed. R. Evid. 801(c), 802). Furthermore, under the Federal Rules of Evidence, a defendant cannot elicit the defendant's own exculpatory hearsay statements through cross-examination. *See United States v. Willis,* 759 F.2d 1486 (11th Cir. 1985).

The Government seeks to exclude from trial evidence of Defendant's exculpatory statements from two interviews with Government agents. *See* Doc. 69 at 1. As context, the Government seeks to introduce, through a federal law enforcement agent, various admissions and *inculpatory* statements that Defendant made during these two separate recorded consensual interviews. *Id.* The Government indicated that its motion was filed out of concern that the defense would attempt to introduce

through recordings or cross-examination Defendant's own self-serving hearsay and exculpatory statements from the remainder of the interview. *Id.*

Defendant responds that the contents of the entire interview are relevant to the allegations against him and his defense. Doc. 74. Therefore, he argues that under Fed. R. Evid. 106, the rest of the interview should be introduced as well because it explains his actions and the involvement of an uncharged co-conspirator. *Id.* at 1–4.

At a February 7, 2024, hearing on this motion (*see* Doc. 82), the Court heard initial argument on this motion and directed the Parties to file the annotated transcript with the Court, which they did. Subsequently, at a March 8, 2024, status conference, the Court ruled as follows. The Government's motion was **granted** to the extent that Defendant's statements (highlighted orange in the sealed transcript as they would potentially be introduced at trial), would be excluded as inadmissible hearsay. As to several other portions of the transcript, the Court indicated that certain questions from the interview should also be included for the sake of clarity, instead of beginning an excerpt with an answer. Issues as to the anticipatory objections, highlighted in red in the sealed transcript (Doc. 92), will be resolved at trial.

**DONE** and **ORDERED** in Tampa, Florida on March 11, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record

3