# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:23-cr-24-CEH-SPF

ALEXANDER ALLI

## ORDER

This matter comes before the Court on Defendant's motion *in limine* Regarding Bank Records and Evidence from Alleged Victims of Fraud (Doc. 70) and the Government's response in opposition (Doc. 73). On February 7, 2024, the Court heard argument on this motion and issued a ruling granting it in part and denying it in part. *See* Doc. 82. This Order serves to memorialize the Court's oral pronouncements.

## DISCUSSION

In a Superseding Indictment, Defendant was charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and two counts of wire fraud, in violation of 18 U.S.C. § 1343, based on an Economic Injury Disaster Loan and $2,000 advance from the Small Business Administration that he applied for and obtained on behalf of his purported business. *See* Doc. 46.

"A Motion *In Limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007)

(citation omitted). "The real purpose of a Motion *In Limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)).

Rule 402 of the Federal Rules of Evidence prohibits the introduction of evidence that is not relevant. Rule 403 requires the Court to balance the probative value of evidence against the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Under Rule 404(b), a party may not introduce evidence of a prior bad act in order to show that on a particular occasion the person acted in accordance with the character demonstrated by the bad act.

Defendant seeks to exclude from trial certain evidence from his bank records (a business bank account at TD Bank and a personal bank account at First National Bank) in addition to any witness testimony related to allegations of uncharged fraudulent transactions involving the Defendant and fraud victims. Doc. 70 at 1. He argues that under Federal Rules of Evidence 401, 403, and 404(b), this evidence would be irrelevant, inadmissible hearsay, and unfairly prejudicial. *Id*. First, he argues that the Government provided in discovery the contents of several bank accounts attributed to Defendant personally as well as to his business. *Id.* at 4. He argues that, because he is willing to stipulate that: (1) the loan funds in question were transferred to

Defendant's personal bank account, and (2) the business bank account was opened and closed prior to receipt of the loan, the Government should not be permitted to introduce testimony regarding other alleged wrongs unless the defense opens the door by arguing that the accounts were utilized solely for legitimate purposes. *Id.*

Further, Defendant argues that even if the bank records and testimony from alleged victims were relevant, this evidence should be excluded because any probative value is substantially outweighed by a danger of unfair prejudice. *Id.* at 5. He also argues that any attempt to elicit witness testimony or introduce evidence of personal transactions related to other uncharged frauds is an attempt to introduce inadmissible character evidence under Fed. R. Evid. 404(b). *Id.* Finally, Defendant argues that even with a limiting instruction, allowing this evidence would likely result in a jury impermissibly inferring that he has a propensity to commit crimes, and therefore probably committed the crime in question. *Id.* at 6.

The Government argues that the evidence Defendant seeks to exclude is relevant to proving two key aspects of the offense: that the representations on the loan application and agreements were false; and that Defendant spent the loan proceeds on personal rather than business expenses. Doc. 73 at 1–2. As to the business bank account, the Government argues that it is unquestionably relevant to the issue of whether the business was operational and had the revenue and cost of goods sold claimed in the loan application, and should be allowed. *Id.* at 2. It argues that considering the volume and sizes of transactions in that account, jurors could otherwise wrongly conclude that the business was operational and had significant

3

revenues. *Id.* To prove its case, therefore, the Government argues it must show that these transactions were fraud and money laundering, rather than legitimate business transactions. *Id.* Finally, the Government argues that Defendant's personal bank account is where the SBA loan and advance was paid to and that these records and related victim testimony are therefore relevant to whether Defendant spent the money on working capital for the business, as required by the terms of the loan. *Id.* Additionally, because the challenged evidence is "inextricably intertwined" with the offenses and not 404(b) evidence, the Government argues it must be admitted. *Id.* In any case, it argues that Rule 403's balancing test weighs in favor of admissibility because the relevance of this evidence is not substantially outweighed by its prejudicial effect. *Id.* (citing *United States v. Terzado-Madruga,* 897 F.2d 1099, 1117 (11th Cir. 1990)).

Finally, Defendant filed a reply on February 6, 2024, in which he argued that the Government had not shown it intended to introduce the evidence related to the TD Bank account and/or romance fraud for any issue other than Defendant's character. Doc. 81 at 4–7. He also argued that this evidence was not inextricably intertwined with this case because it did not arise out of the same transactions or series of transactions as the charged offense, was unnecessary to "complete the story" of the crime, and was not intertwined with the evidence of the charged offense. *Id.* at 7–10.

As relevant to this motion at oral argument, the Court directed the Parties to clearly indicate the specific evidence at issue. They did so, and the Government argued that testimony from the alleged romance fraud victims would need to be introduced

4

because Defendant refused to stipulate that the transactions in his personal account were not business-related. As to the business bank account records, the Government argued that they were highly probative and necessary to its case to prove that the significant deposits were not related to legitimate business activities. Defendant responded that his argument was largely the same as in the written briefing—that the evidence was highly prejudicial, and that the Government's burden of proof did not require them to introduce or explain the expenditures or deposits, because Defendant was not charged with money laundering or romance fraud in this case.

As to Defendant's personal (First National Bank) account records and the testimony from victims of uncharged romance fraud, the Court agreed with Defendant and therefore **granted** his motion at oral argument. The Court based its ruling on a lack of relevance, particularly because the victims did not know Defendant or have any connection to him, in addition to the fact that the prejudice of such evidence to Defendant would far exceed the probative value of the information or testimony. As to the business (TD Bank) account records, Defendant's motion was **denied without prejudice**, as the evidence is relevant to the Government's argument that Defendant made misrepresentations and falsities on his loan application, as well as that the gross deposits in the account were not legitimate account expenses.

**DONE** and **ORDERED** in Tampa, Florida on March 11, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record